# FILED

**NOT FOR PUBLICATION**

APR 10 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUMOZ, LLC, | No. 15-56311 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02309-MMM-CW |
| v. | |
| REPUBLIC OF MOZAMBIQUE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted April 6, 2017[**]
Pasadena, California

Before: PLAGER,[***] CLIFTON, and OWENS, Circuit Judges.

Plaintiff-Appellant EduMoz, LLC (EduMoz) appeals from the district

court's order dismissing EduMoz's claims against Defendants-Appellees the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable S. Jay Plager, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Republic of Mozambique and the Ministry of Education of the Republic of Mozambique (defendants) for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1330 *et seq*. EduMoz's claims arose from a contract executed by the Mozambican Minister of Education, Zeferino Martins (Martins). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court properly applied this court's binding precedent by requiring that Martins have possessed actual authority for the FSIA's commercial activity exception to sovereign immunity to apply. *See* 28 U.S.C. § 1605(a)(2). In *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 308 (9th Cir. 1997), this court held that "an agent must have acted with actual authority in order to invoke the commercial activity exception against a foreign state." EduMoz asks us to ignore, narrow, or distinguish *Phanuef*, but provides no authority that overrules or is clearly irreconcilable with its holding. *See United States v. Orm Hieng*, 679 F.3d 1131, 1139 (9th Cir. 2012) (A three-judge panel is "bound by circuit precedent unless the United States Supreme Court or an en banc court of our circuit has 'undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'" (quoting *Miller v. Gammie*, 335

F.3d 889, 900 (9th Cir. 2003) (en banc))). *Phaneuf*'s requirement of actual authority is controlling here, and the district court was correct in applying it.

2. The district court correctly held that Martins lacked actual authority to execute the contract because he failed to comply with Mozambican procurement laws. Contrary to EduMoz's contention, complying with these laws would not have prevented Martins from fulfilling his statutory duties; instead, these laws simply required that he follow certain procedures when doing so. Because Martins did not follow these procedures, he was "not empowered . . . to act" when he executed the contract, and "[his] unauthorized act cannot be attributed to [Mozambique]; there [was] no 'activity of the foreign state'" within the meaning of the commercial activity exception. *Phanuef*, 106 F.3d at 308 (quoting 28 U.S.C. § 1605(a)(2)). Accordingly, the district court properly held that Martins lacked actual authority to execute the contract, that the FSIA's commercial activity exception to sovereign immunity did not apply, and that it lacked subject matter jurisdiction over defendants under the FSIA.

**AFFIRMED.**